RIVAS, CONDE & Co., *S. en C.*, Appellant, *v.* REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 930. Submitted july 18, 1934.—Decided July 28, 1934.

*R. Atiles Moréu* for petitioner. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the Court.

Appellant begins his brief by saying: "Certain properties of Angel León Vega, a delinquent taxpayer, were sold for taxes, etc." Whether these properties belonged exclusively to Angel León Vega or not is the very question involved in this appeal and should not be assumed. We are agreed that the Treasurer sold these properties, and issued certificates for them, as if they belonged to Angel León Vega alone. When the purchaser attempted to record the certifi-

cates in the Registry they were confronted with a note which reads as follows:

"The record of the above certificate is denied because it appears that the property is registered in the name of Angel León Vega and his wife Gregoria García González who do not constitute the same conjugal partnership that appears from the certificate of the distraint proceeding, and in lieu thereof record is made for one hundred and twenty days in favor of Rivas, Conde & Co. of their right as purchasers, with the curable defect that the deed of said partnership is not transcribed or attached thereto."

██ It transpires that Angel León Vega was married twice if not three times. The property was first recorded in the name of Angel León Vega, married to Gregoria García González. It presumptively belonged to the community existing between these two persons. The certificate shows a sale of property in the name of León, married to Angela Vargas. The certificate shows none of the intermediate steps by which property, presumptively belonging to one community, became the property of another community. Neither does the registry. We agree with the appellant that the husband was or is the administrator of both communities, but, of course, not at the same time. When Gregoria García González died or was divorced, the property was with some probability subject to the claims of her heirs or herself. On dissolution of a matrimonial community some one else besides the husband has rights. It is possible, of course, that when the property was sold for taxes it belonged presumptively to the second community, but the registrar is bound to see that the transmission of title is duly made. *Nuccio* v. *Registrar*, 38 P.R.R. 172; *Hernández* v. *Registrar*, 30 P.R.R. 186. It may be that the property belonged entirely to the husband, but the presumption to the contrary was not destroyed.

We have the case of *Rivera* v. *Registrar*, 14 P.R.R. 734. All that we decided, with some doubts now on the part of the writer who took part in the decision, was that the registrar was bound to respect the state of the record. A widower

redeemed property in his own name and the record was made in his name.

█ *Non constat* that persons other than Angel León Vega had claims to the property. The certificate does not supply defects of title in the registry where certainty is required.

The note will be affirmed.